**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2508-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMIE MONROE, a/k/a
JAMES MONROE,
JAMIE L. MONROE,
KILLA MONROE,
RAZIQ MONROE, and
RAZEEK MONROE,

    Defendant-Appellant.

_____

Submitted July 9, 2024 – Decided July 15, 2024

Before Judges Natali and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 17-03-0283, 17-03-0284, 18-04-0608, and 18-05-0834.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Anthony J. Vecchio, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Hudson E. Knight, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Jamie Monroe appeals from the Law Division's January 19, 2023 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Defendant was charged in two separate indictments with twenty-two serious drug-related and weapons offenses. He eventually pled guilty to three charges: second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7b(1) (count one); first-degree maintaining a controlled dangerous substance (CDS) production facility, N.J.S.A. 2C:35-4 (count three); and second-degree possession of a firearm while possessing CDS with intent to distribute, N.J.S.A. 2C:35-5 and N.J.S.A. 2C:39-4.1A (count eight).

During his plea colloquy, defendant admitted he had previously been convicted of felony charges, and on or about September 15, 2016, while in South Brunswick, possessed a Glock 9-mm handgun while possessing CDS he intended to sell. Defendant also admitted that between April 10, 2016 and September 15, 2016, he maintained and operated a premises in Edison where he "often" brought heroin and repackaged it for distribution and sale.

2

In exchange for defendant's plea, the State agreed to dismiss the remaining counts of both indictments and recommend a twelve-year custodial term with a five-and-a-half-year period of parole ineligibility with respect to count three, consecutive to a five-year prison term with forty-two months of parole ineligibility on count eight, and five years without parole on count one to run consecutive with count three and concurrent with count eight.

After considering and weighing the applicable aggravating and mitigating factors, the court sentenced defendant largely consistent with the plea agreement but reduced the period of parole ineligibility on count three from five-and-a-half years to five years. Consequently, defendant received an aggregate seventeen-year prison sentence, with ten years of parole ineligibility.

On direct appeal, defendant only challenged his sentence, which we heard on an excessive sentencing calendar pursuant to Rule 2:9-11. We remanded the matter for resentencing with directions that the court reconsider the aggravating and mitigating factors, the imposition of consecutive sentences pursuant to State v. Yarbough, 100 N.J. 627 (1985), and defendant's eligibility for a Graves Act waiver under N.J.S.A. 2C:43-6.2. See State v. Monroe, No. A-1046-19 (App. Div. Sept. 23, 2022).

A-2508-22

At resentencing, defendant's counsel requested the court sentence defendant to an aggregate seventeen-year custodial term, with nine years of parole ineligibility. He supported the proposed reduction by maintaining the five-year parole ineligibility period as to count three should be reduced to four years as it was "consistent with . . . the statute [which] provides . . . the period of parole ineligibility is one-third to one-half of the sentence." He also argued defendant participated in numerous programs while incarcerated that supported additional mitigation. Significantly, counsel also stressed a key issue for the court to resolve under Yarbough was whether consecutive sentences should be imposed.

After considering the parties' oral arguments and submissions, the sentencing court reconsidered the aggravating factors anew, and while finding applicable aggravating factors three, six, and nine, unlike at the initial sentencing proceeding, concluded aggravating factor five no longer applied. The court remained convinced, however, that the aggravating factors substantially outweighed the non-existent mitigating factors.

The court also comprehensively considered, consistent with our remand instructions, the propriety of consecutive sentences under Yarbough and determined consecutive sentences were appropriate under the circumstances and

issued a detailed oral decision supporting its conclusion. As the court explained, defendant's "objective" was "to produce and distribute drugs, and the second [objective] [was] . . . [to] possess[] a weapon when one is not entitled or permitted to do so as a result of being a convicted felon." The judge also found the crimes occurred "in two different points, meaning . . . the gun was found in one location, production facility in another[,] and at different times." The court further determined defendant's possession of a gun was "a separate and distinct charge" apart from the maintaining a CDS production facility charge.

As a result, the court resentenced defendant to the same twelve-year term on count three, but reduced the period of parole ineligibility from five years to four "based on the efforts that [defendant] has made while incarcerated . . . [a]nd the fact that the [c]ourt is no longer considering aggravating factor five." The court also reimposed the consecutive five-year-custodial term with a forty-two-month period of parole ineligibility with respect to count eight and a five-year prison term without parole on count one, again to run consecutive with count three and concurrent with count eight. Consequently, defendant received an aggregate seventeen-year sentence with nine years of parole ineligibility. The court also denied defendant's challenge to the denial of his Graves Act waiver request.

5

Defendant did not file a direct appeal challenging his amended judgment of conviction. Instead, he timely filed a pro se PCR petition in which he certified his counsel failed to communicate with him, failed to properly investigate his case, and failed to provide all necessary discovery to him prior to encouraging him to accept the State's plea offer. He also contended he did not enter the plea voluntarily. The record contains no supplemental certification nor any counseled submissions that in any away amended or illuminated defendant's petition.

It appears, however, that at some point, defendant was appointed counsel who appeared for oral arguments. At that proceeding, defendant's PCR counsel contended defendant's sentencing counsel failed to make a "sufficient argument . . . for the sentences to run concurrently as opposed to consecutively." He explained that "under State [v. Yarbough] . . . those sentences should have run concurrently. In other words, instead of having a seventeen-year sentence, there should been a sentence reduced by the five years imposed on the second part of the consecutive sentence."

Counsel further stated concurrent sentences were appropriate because "even though there [was] a search made at two different places . . . it's a unitary event . . . and as a result, under [Yarbough], [there should have been] [o]ne

6

sentence where all the charges are run concurrently." In addition, PCR counsel also maintained counsel at resentencing "did not properly articulate the reasons that were appropriate for a lesser sentence." Finally, defendant contended his counsel neither informed him, nor did he understand, the nature of a consecutive sentence.

The PCR court rejected defendant's contentions in an oral opinion. The court explained the plea and sentencing transcripts confirmed defendant was aware and understood the consecutive nature of his sentence, and the court duly considered the propriety of consecutive sentences under Yarbough, consistent with our remand order.

This appeal followed in which defendant raises the following points:

    I.    DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL DURING HIS RESENTENCING HEARING.

    II.    DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL DURING HIS PLEA HEARING.

    III.    THE PCR COURT ERRED IN NOT GRANTING DEFENDANT AN EVIDENTIARY HEARING.

Having considered defendant's contentions in light of the record and the applicable law, we discern no legal or factual error in the PCR judge's

consideration of the issues, or in his decision to deny the petition without an evidentiary hearing.

Because defendant's PCR petition is predicated on his claim that his plea and sentencing counsel were ineffective, he must satisfy the two-part test pronounced in Strickland v. Washington by demonstrating that "counsel's performance was deficient," that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987). The first prong requires a showing that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. It is the defendant's burden to prove by a preponderance of the evidence that counsel's decisions about trial strategy were not within the broad spectrum of competent legal representation. See Fritz, 105 N.J. at 52.

Under the "second, and far more difficult prong," of the Strickland standard, State v. Gideon, 244 N.J. 538, 550 (2021) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)), a defendant "must show that the deficient performance prejudiced the defense[,]" State v. O'Neil, 219 N.J. 598, 611 (2014) (quoting Strickland, 466 U.S. at 687). That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Gideon, 244 N.J. at 550-51 (alteration in original) (quoting Strickland, 466 U.S. at 694).

Proof of prejudice under Strickland's second prong "is an exacting standard." Id. at 551 (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). A defendant seeking PCR "must affirmatively prove prejudice" to satisfy the second prong of the Strickland standard. Ibid. (quoting Strickland, 466 U.S. at 693). To prevail on a PCR petition, a defendant must establish both prongs of the Strickland test. Strickland, 466 U.S. at 687; State v. Nash, 212 N.J. 518, 542 (2013). A failure to satisfy either prong requires the denial of a PCR petition founded on an ineffective assistance of counsel claim. Id. at 700.

Further, a defendant petitioning for PCR must establish, by a preponderance of the credible evidence, that he is entitled to the requested relief. Nash, 212 N.J. at 541; Preciose, 129 N.J. at 459. To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992). Where, as here, a PCR court does not hold an evidentiary hearing, we "conduct a de novo review of both the factual findings and legal conclusions

9

of the PCR court." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (quoting State v. Harris, 181 N.J. 391, 421 (2004)).

In defendant's first point, he maintains his sentencing counsel failed to seek a sentence less than that prescribed by the negotiated plea or seek concurrent sentences consistent with State v. Briggs, 349 N.J. Super. 496, 501 (App. Div. 2002), and Yarbough, 100 N.J. at 627. Defendant contends despite the location of the drugs and weapon being located in different residences, "what occurred was one unitary event" and thus his "sentences should . . . have run concurrently." Defendant specifically maintains it would have been appropriate for the "sentence on count one . . . to be served concurrently to the sentences imposed on counts three and eight." And, rather than arguing for concurrent sentences under these facts, defendant's counsel instead advocated for a "[seventeen]-year term of imprisonment with [nine] years of parole ineligibility."

In his second point, defendant maintains his plea counsel failed to "suppl[y] [him] with sufficient information regarding his sentencing exposure." He specifically contends his counsel failed to advise him properly regarding the possibility he could be sentenced to consecutive terms for the crimes to which he pled guilty. Defendant further argues his counsel "did not properly explain

the applicable law and potential sentences that could be imposed." Finally, defendant contends in his third point the court erred in resolving his petition without an evidentiary hearing. We disagree with all these arguments.

The record fully supports the PCR judge's denial of defendant's petition as he failed to establish either the performance or prejudice prong of the Strickland test. We first note that defendant's petition fails to even address with any level of specificity, the alleged deficiencies with respect to his plea and sentencing counsel and we could affirm the court's denial of defendant's petition on this basis alone, as it is well settled that "a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Porter, 216 N.J. 343, 355 (2013) (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)); see also R. 3:22-10(c). Despite the procedural and substantive deficiencies in defendant's petition, we address the merits of his arguments for purposes of completeness.

With respect to defendant's claim his plea counsel was ineffective for failing to inform him of the nature of consecutive sentences, a review of the plea transcript belies any such claim. Indeed, in that transcript, the court explained, in detail, the practical effect of its sentence on each individual charge and in the aggregate. Defendant engaged with the court and clearly demonstrated his

11

understanding of the negotiated plea and the court's sentence. By way of example only, when discussing the plea with the prosecutor, defendant twice acknowledged he understood the meaning of an aggregate sentence. Further, when asked if he understood the real-time consequences of the proposed sentence, defendant responded, "[t]wo five[-]year sentence[s] run concurrent, but consecutive . . . to the [twelve-]year sentence." Defendant also demonstrated his understanding by "doing the math" with respect to his period of parole ineligibility.

Any challenge to his sentencing counsel's representation is similarly unavailing. Defendant's counsel made merit-based arguments at resentencing consistent with our remand, which resulted in the court concluding a previous aggravating factor did not apply and the attendant reduction in the period of defendant's parole ineligibility. Counsel also specifically noted the obligation of the court to conduct a Yarbough analysis.

To the extent defendant's claim is grounded in an argument his counsel did not advocate more forcefully for concurrent sentences, we consider such a claim also meritless, as the court engaged in a comprehensive analysis of the Yarbough factors and concluded the circumstances of the crimes warranted that

12

count one run consecutive to counts three and eight. We also note that defendant never appealed or challenged his amended sentence.

Finally, we note defendant fails to even argue before us how his plea and sentencing counsel's alleged ineffective performance prejudiced him, a fatal deficiency. Strickland, 466 U.S. at 700. We again, for purposes of completeness, have nevertheless considered the issue on the merits and conclude the record fails to support any claim defendant suffered prejudice from any alleged ineffectiveness of his plea or sentencing counsel.

In the context of a guilty plea, a defendant must establish "that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial." State v. Gaitan, 209 N.J. 339, 351 (2012) (alteration in original) (quoting State v. Nunez-Valdez, 200 N.J. 129, 139 (2009)). A defendant must also convince the court that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

Here, defendant accepted a favorable plea offer resulting in an aggregate seventeen-year sentence for three serious offenses, and the dismissal of nineteen charges, including a first-degree charge of leading a narcotics trafficking network, which alone carried a potential life term, see N.J.S.A. 2C:35-3.

Further, defendant never challenged the factual basis with respect to the three charges to which he pled guilty, and there is simply no support in the record that it would have been rational under the circumstances for defendant to have rejected the State's favorable plea offer. See Padilla, 559 U.S. at 372.

Finally, because defendant failed to establish a prima facie case of ineffective assistance, an evidentiary hearing was not required. See Preciose, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2508-22